HAZOURI, J.
 

 Paul Robert and his wife Elizabeth (“the Roberts”) sued the City of Hollywood, Florida (“the City”), after Paul was injured in an accident involving a city vehicle. Following a jury trial, the Roberts obtained three separate judgments: (1) $1,095,008.83 for Paul, (2) $90,000 for Elizabeth, and (3) cost judgment of $67,500, for a total of $1,250,508.83. Prior to entry of the judgments, the Roberts timely filed a motion to join the City’s liability insurer, State National Insurance Company (State National), as a defendant, pursuant to section 627.4136(1), (4), Florida Statutes (2006).
 
 [1]
 

 The issue on appeal is whether the trial court erred in entering amended final judgments adding State National without first determining whether the Roberts met the condition precedent of 627.4136(1) of obtaining a verdict against a person, or in this case the City, “who is an insured under the terms of the liability policy for a cause of action which was covered by such policy.” For reasons discussed below we determine the trial court erred in the entry of the amended final judgment and reverse and remand for a determination as to whether the condition precedent has been met.
 

 State National’s liability policy provided the City with $1,000,000 in liability coverage, with the City carrying a $400,000 self-insured retention. Pursuant to section 768.28(5), Florida Statutes (2006)
 
 [2]
 
 , the
 
 *240
 
 City’s sovereign immunity is waived up to $200,000, with the remainder of the judgment subject to a claims bill in the Florida legislature. State National argues in this appeal that it cannot be liable to settle judgments against its insured, the City, for amounts in excess of the City’s limited waiver of sovereign immunity under section 768.28(5), or the City’s $400,000 self-insured retention.
 

 The Roberts and the City entered into a satisfaction of judgment:
 

 The undersigned, the owners and holders of certain final judgments rendered against the City of Hollywood, Florida in the above-captioned civil action, dated May 4, 2009, do hereby acknowledge receipt of the sum of $166,692.89 from defendant City of Hollywood, Florida and further acknowledge that the final judgments are hereby satisfied of record with respect to the City of Hollywood’s $200,000.00 liability to Plaintiffs under Sec. 768.28(5) Florida Statutes only. The foregoing shall not in any way discharge Plaintiffs’ right to report the unpaid amounts of said final judgments to the legislature and seek payment of same via an act of the legislature pursuant to Sec. 768.28(5) Florida Statutes or to recover from State National Insurance Company all amounts which Plaintiffs are or may be entitled to recover pursuant to the City of Hollywood’s liability insurance policies. Plaintiffs specifically reserve all of the foregoing claims and rights.
 

 The jury trial and subsequent proceedings leading to the amended final judgments were presided over by a retired judge sitting as a senior judge in place of the assigned judge for civil division CACE(21). In a rather unusual ruling the trial judge ruled that he had jurisdiction to enter the amended final judgments but specifically ruled that he was not determining State National’s liability and expressly reserved this issue for further proceedings before the division judge which has yet to occur.
 

 State National asserts that section 768.28(5) prohibits the City from being liable for any judgment in excess of $200,000 without the Roberts resorting to the claims bill process before the state legislature. State National further contends that its policy of insurance which is entitled “Public Entity Excess Liability Policy” requires it to pay all sums the City legally must pay as damages because of bodily injury caused by an accident and resulting from the ownership or maintenance of or use of a covered auto and therefore since the City cannot be legally liable in excess of $200,000 absent a successful claims bill there is no obligation for State National to pay. In addition, State National argues that since the policy calls for self-insured limit retention of $400,000, until the City pays $400,000, in essence exhausting the self-retention, it cannot be held responsible for any judgment or settlement.
 

 The Roberts contend that the case in its present posture is not ripe for appellate review because the trial court specifically refused to determine State National’s liability. Roberts argues that if this court were to reach the issue of State National’s
 
 *241
 
 liability, section 768.28(5) permits the City to negotiate a settlement within its policy limits without resorting to a claims bill and that there is nothing in the State National policy which requires the City to exhaust its $400,000 of self-retained limits. Therefore State National is responsible for $852,508.83 which is the total amount of the amended final judgments less the $400,000 self-retained limit and is within State National’s policy limits of $1,000,000.
 

 We decline to decide the issue of whether there is liability on the part of State National by interplay of section 768.28(5) and the terms of its liability policy in the present posture of this case because the trial court failed to address the conditions precedent under section 627.4136(1). We reverse the entry of the amended final judgments as they apply to State National and remand to the lower court to make a determination of whether the Roberts can establish the condition precedent which would warrant the addition of State National to the amended final judgments.
 

 Reversed, and Remanded for Further Proceedings.
 

 TAYLOR and LEVINE, JJ., concur.
 

 [1]
 

 . Section 627.4136(1), (4), Florida Statutes (2006), states:
 

 627.4136. Nonjoinder of insurers
 

 (1) It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
 

 [[Image here]]
 

 (4) At the time a judgment is entered or a settlement is reached during the pendency of litigation, a liability insurer may be joined as a party defendant for the purposes of entering final judgment or enforcing the settlement by the motion of any party, unless the insurer denied coverage under the provisions of s. 627.426(2) or defended under a reservation of rights pursuant to s. 627.426(2). A copy of the motion to join the insurer shall be served on the insurer by certified mail. If a judgment is reversed or remanded on appeal, the insurer's presence shall not be disclosed to the jury in a subsequent trial.
 

 [2]
 

 . Section 768.28(5), Florida Statutes (2006), provides:
 

 The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, but liability shall not include punitive damages or interest for the period before judgment. Neither the state nor its agencies or subdivisions shall be liable to pay a claim or a judgment by any one person which exceeds the sum of $100,000 or any claim or judgment, or portions thereof, which, when totaled with all other claims or judgments paid by the state or its agencies or subdivisions arising out of the same incident or occurrence, exceeds the sum of $200,000. However, a judgment or judgments may be claimed and rendered in excess of these amounts and may be settled and paid pursuant to this act up to $100,000 or $200,000, as the case may be; and that portion of the judgment that exceeds these amounts may be reported to the Legislature, but may be paid in part or in whole only by further act of the Legislature. Notwithstanding the limited waiver of sovereign immunity provided herein, the state or an agency or subdivision thereof may agree, within the limits of insurance coverage provided, to settle a claim made or a judgment rendered against it without further action
 
 *240
 
 by the Legislature, but the state or agency or subdivision thereof shall not be deemed to have waived any defense of sovereign immunity or to have increased the limits of its liability as a result of its obtaining insurance coverage for tortious acts in excess of the $100,000 or $200,000 waiver provided above. The limitations of liability set forth in this subsection shall apply to the state and its agencies and subdivisions whether or not the state or its agencies or subdivisions possessed sovereign immunity before July 1, 1974.